Robert Ahdoot, SBN 172098
rahdoot@ahdootwolfson.com
Theodore Maya, SBN 223242
tmaya@ahdootwolfson.com
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111; Fax: (310) 474-8585

Greg F. Coleman*
greg@gregcolemanlaw.com
GREG COLEMAN LAW PC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080; Fax: (865) 522-0049

Daniel K. Bryson*
Dan@wbmllp.com
J. Hunter Bryson*
Hunter@wbmllp.com
WHITFIELD BRYSON & MASON LLP
900 W. Morgan St.
Raleigh, NC 27603
Tel: 919-600-5000; Fax: 919-600-5035
* *pro hac vice* pending

Attorneys for Plaintiff, Heather Floyd

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER FLOYD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., a California Corporation, and HONDA NORTH AMERICA, INC., a Delaware Corporation,<br><br>Defendants. | Case No.: 17-cv-8744<br><br>**CLASS ACTION COMPLAINT AND COMPLAINT FOR DAMAGES**<br><br>**(Demand for Jury Trial)** |

CLASS ACTION COMPLAINT

Plaintiff Heather Floyd ("Plaintiff"), acting individually and on behalf of all others similarly situated, brings this action for damages and equitable relief against Defendants American Honda Motor Co., Inc. and Honda North America, Inc. (collectively, "Honda" or "Defendants").

## I. INTRODUCTION

1.     One of the most basic safety features in every car is its implementation of a system that allows the driver to easily take the vehicle out of gear and place the vehicle in "Park," with the knowledge and confidence that their vehicle will not inadvertently roll away after the driver exits the vehicle.

2.     Honda broke this minimum safety standard obligation. Its 2016, 2017 and, upon information and belief, its 2018 Honda Civic vehicles equipped with CVT transmissions ("Class Vehicles") have a common defect such that their drivers are unable to determine whether the Class Vehicles are properly placed in "Park" before exiting the vehicles. The Class Vehicles fail to provide notice to drivers that their Vehicle is out-of-gear, they fail to automatically activate the Electric Parking Brake in certain situations (such as when the driver exits the vehicle or when the driver's door is opened), and they are prone to—and actually do—unintentionally roll away (the "Rollaway Defect"), often causing crashes or injuries.

3.     The Defective Shifter's sole reliance on visual feedback to convey gear selection has been dangerous and ineffective. Complaints on NHSTA and online indicate that Class Vehicle owners and lessees are unable to determine whether the vehicle is put into the desired gear, resulting in a multitude of rollaways, accidents, and injuries.

4.     Honda recalled approximately 350,000 2016 Honda Civic Models with the defect at issue here.[1]  Specifically, the recall was initiated because "if the EPB

---

[1] http://www.autoguide.com/auto-news/2016/10/2016-honda-civic-recalled-for-electric-parking-brake-issue.html.

CLASS ACTION COMPLAINT

- 2 -

(electric parking brake) isn't properly set and a parking gear is not selected by the driver, the vehicle could potentially roll away, increasing risk of a crash."[2]

5.      Honda attempted to fix the Rollaway Defect in its 2016 model year (MY) Class Vehicles via a software update to the Vehicle Stability Assist system such that the Electronic Parking Brake would—or at least should—engage when the vehicle is parked and before the driver leaves the car. Upon information and belief, however, this software update did not resolve or repair the Rollaway Defect.

WARRANTY CLAIM INFORMATION

| Operation Number | Description | Flat Rate Time | Defect Code | Symptom Code | Template ID | Failed Part Number |
|---|---|---|---|---|---|---|
| 4135A6 | Update the VSA modulator control unit and do the VSA sensor neutral position memorization, TPMS calibration, and clutch pedal stroke sensor zero point (if applicable), then clear any stored DTCs | 0.4 hr | 6EP00 | KC600 | 16-090A | 57100-TBA-A14 |

6.      Despite the 2016 MY recall, Honda manufactured, marketed, and sold its substantially similar—virtually identical—2017 MY, and is or will be selling its 2018 MY Civic Class Vehicles in the same defective condition with the same Rollaway Defect.

7.      Since and despite its 2016 MY Class Vehicle recall, Honda has received consumer complaints and reports of accidents regarding the Rollaway Defect in Class Vehicles, including through the National Highway Traffic Safety Administration ("NHTSA"). To-date, Honda has not recalled any 2017 MY Class Vehicles for the Rollaway Defect.

8.      Honda's failure to fix the Rollaway Defect, despite its knowledge of the problem, caused Plaintiff Heather Floyd ("Plaintiff") and other owners of Class Vehicles ("Class Members") to suffer damages and be placed at risk due to this serious safety issue.

---

[2] *Id.*

CLASS ACTION COMPLAINT

9.      Upon information and belief, nearly a million Class Vehicles with the Rollaway Defect remain in use by unsuspecting owners. As a result of the Rollaway Defect, the Class Vehicles are a hazard to their owners and the public.

10.     Plaintiff, on behalf of herself and similarly situated Class Members, seeks damages for Honda's conduct with regard to the Rollaway Defect as alleged in this complaint.  Plaintiff would not have purchased her Class Vehicle, or would have paid less for it than she did, had she been advised of the Rollaway Defect at the point of sale. Plaintiff and the putative Class Members did not receive the benefit of their bargain.

## II.  JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action under the Class Action Fairness Act because there is minimal diversity, the proposed Class and Subclasses each exceed one hundred members, and the matter in controversy exceeds the sum or value of $5,000,000.00 exclusive of interests and costs.  28 U.S.C. § 1332(d)(2)(A).

12.     This Court can exercise personal jurisdiction over Defendants because they both are incorporated in California and headquartered in Torrance, California. Defendants' actions summarized in this complaint occurred in this District so as to subject them to *in personam* jurisdiction in this District.

13.     This Court can exercise supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

14.     Venue is proper in this District under 28 U.S.C. § 1391(a)-(c). Defendants are registered to and do conduct substantial business in the State of California, within this District, and otherwise maintain requisite minimum contacts with the State of California.  Additionally, Defendants distribute Class Vehicles in this District and receive substantial compensation and profits from the sale and lease of Class Vehicles in this District.

### III. PARTIES

15.    Plaintiff Heather Floyd is a citizen and resident of Bluff City (Sullivan County), Tennessee.  Plaintiff purchased a brand new 2017 Honda Civic from Honda Kingsport, located in Kingsport, Tennessee in October 2016.

16.    Defendant American Honda Motor Co., Inc. ("AHM") is a corporation organized under the laws of the State of California and has its principal place of business in Torrance, California.  AHM operates, maintains offices, and/or conducts business in all fifty states.

17.    Defendant Honda North America, Inc. is a Delaware corporation with its principal place of business in Torrance, California.

18.    Defendants (collectively referred to as "Honda") are the developers, designers, manufacturers, assemblers, testers, inspectors, marketers, advertisers, distributors, sellers, and/or warrantors of the Class Vehicles.

### IV. FACTUAL ALLEGATIONS

#### Plaintiff Heather Floyd

19.    Plaintiff Heather Floyd was shopping for a reliable and safe car to transport herself and her daughter.  As a result of her research, in October 2016 Plaintiff purchased a 2017 Honda Civic EX hatchback from Honda Kingsport (an authorized Honda dealership) located in Kingsport, Tennessee. Plaintiff's vehicle had a 1.5 L 4-cylinder engine with a CVT automatic transmission.  Plaintiff paid $32,849.53 for the 2017 Civic.

20.    At the time of Plaintiff's purchase, Honda knew that the Rollaway Defect could lead to vehicle rollaway incidents but did not disclose this defect to Plaintiff.  Plaintiff purchased—then operated—the vehicle on the reasonable but mistaken belief that her Class Vehicle was safe to operate as designed.

21.    On July 14, 2017, Plaintiff had been driving her vehicle, returned home, drove up the top of her driveway, shifted the vehicle into park, pushed the ignition button to turn off the car, and stepped out of the car.  Immediately afterwards, as

Plaintiff was cleaning out the rear seat of her vehicle to prepare for an upcoming trip, the vehicle started rolling backwards. With Plaintiff sitting in the rear seat, the vehicle unexpectedly rolled into a neighbor's tree.

22.    Plaintiff was traumatized and suffered severe bruising to her arm and hip. She went to the Emergency Room immediately after the accident, and was examined, treated, then released.

23.    The condition of Plaintiff's Honda Civic after the incident is accurately depicted in the following photo, which was taken shortly after the rollaway incident.



24.    The damage caused by Plaintiff's Honda Civic to trees and brush across the street from her driveway is accurately depicted in the following photo, taken soon after the incident:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



25.   On July 17, 2017, three days after the rollaway incident, Plaintiff contacted Honda's corporate customer service department.  At first, the Honda representative was apologetic and offered to conduct expert testing on the vehicle and cover her damages. Further, the Honda corporate representative told Plaintiff they had heard of similar incidents from other drivers. However, Honda failed to disclose the nature of the Rollaway Defect to Plaintiff at this time.

26.   Plaintiff conveyed to Honda that she was terrified of the vehicle given the Rollaway defect and politely requested Honda buy back the vehicle from her.

After Plaintiff requested Honda buy back her vehicle and reimburse her for any increase in her insurance premiums, Honda changed its position. In a follow-up call during which Honda denied her claim, she was told that Honda would not buy back her vehicle.

27.     Neither Honda nor any of its agents, dealers, or representatives informed Plaintiff of the Rollaway Defect prior to the purchase of her vehicle or after the vehicle's Rollaway Defect manifested.

28.     Had Plaintiff been advised of the Rollaway Defect at or before the point of sale, she would not have purchased her Class Vehicle or she would have paid less for the vehicle than she did.  She did not receive the benefit of her bargain.

**Honda knew that the shifter was defective and unreasonably dangerous.**

29.     Since 2016, complaints to NHSTA and through its online reporting, as well as other online forums indicate that Class Vehicle owners and lessees are unable to determine whether the vehicle in the desired gear, which has resulted in a multitude of rollaways, accidents, and injuries.

30.     Upon reasonable inspection and testing of the Class Vehicles and each of their components, Honda knew or should have known the Class Vehicles were prone to the Rollaway Defect.

31.     Honda knew or should have known of the Rollaway Defect, but failed to take reasonable corrective steps to prevent or cure the Defect.

32.     Honda had sufficient knowledge, expertise, availability, and resources to inspect the Class Vehicles for defects prior to placing them on the market.

33.     Honda had a duty to reasonably inspect the Class Vehicles for defects prior to placing them on the market.

34.     Honda failed properly to inspect and confirm the safety of the Class Vehicles before their entry into the stream of commerce and before their sale to unsuspecting consumers.

CLASS ACTION COMPLAINT

35.    Honda failed to complete reasonable tests and inspections of the Class Vehicles, which would have revealed the Rollaway Defect.

36.    The shifter cannot and does not perform as intended, because neither Honda, nor any reasonable car designer, would design a gear shifter that only shifts into the intended gear some of the time, or randomly shifts to gears other than the one selected. Honda has provided no information to buyers or lessees to inform them that the shifters within the Class Vehicles are unreliable (*i.e.* that the vehicles have the Rollaway Defect).

37.    Upon information and belief, Honda's knowledge about the problems with the shifter as described in this complaint is reflected in: its internal communications, including memoranda and e-mails related to the Rollaway Defect; reports of other incidents—including those compiled in the NHTSA database, which Honda regularly reviews—involving Honda's vehicles with this defective shifter design; Honda's compilations and analyses of crash data; and the tests conducted by Honda and others, including but not limited to failure mode and effects analyses (FMEA), human factors simulations, pre-release vehicle evaluation tests, computer simulations, and cost/benefit analyses.

38.    Despite knowledge of the Rollaway Defect, Honda failed to warn members of the Class and the Subclass of the Defect. Specifically, none of the members of the Class and the Subclass received a warning that the gear shifter in their Class Vehicles may not perform properly and as warranted, or that as a result drivers may experience a rollaway or similar occurrence due to the Rollaway Defect.

39.    Honda, through its own research and development, would have known that reasonable alternative designs are available to prevent rollaway incidents like those involving this shifter design. Such alternative designs of electronic shifters, which include safeguards like automatically putting the vehicle in park when the driver's door opens or when the ignition is turned off, prevent rollaways and are used by other manufacturers, including but not limited to BMW.

**Reports to NHTSA recount incidents of vehicle rollaway.**

40.     NHTSA has received reports of rollaway incidents involving the Class Vehicles, including the reports copied verbatim below:

NHSTA Complaint on April 24, 2017 for 2017 Civic: MY NEW CAR WILL LET YOU TURN OFF (PUSH BUTTON) AND GET OUT AND WALK AWAY WHILE STILL BEING IN GEAR. I EXITED MY VEHICLE IN THIS SITUATION AND IT ROLLED DOWN THE DRIVE AND HIT A TREE. IT WAS 3 FEET FROM ROLLING INTO A HIGHWAY THAT COULD HAVE RESULTED IN SERIOUS INJURY OR DEATH. OLDER CARS YOU CANNOT REMOVE THE KEY. YOU SHOULD NOT BE ABLE TO TURN OFF THE CAR WITHOUT SOME OTHER SAFETY FEATURE TO KEEP THIS FROM HAPPENING.

NHSTA Complaint on August 11, 2017 for 2017 Civic: WHEN PULLING INTO A PARKING SPOT I PUT THE CAR INTO PARK BUT THE CAR KEPT MOVING FORWARD, OVER A SIDEWALK AND INTO A BUILDING. I PUT THE CAR IN REVERSE AND COULD NOT STOP THE CAR UNTIL IT HIT ANOTHER OBJECT. HAD DAMAGE TO THE FRONT BUMPER AND GRILL.

NHSTA Complaint on August 17, 2017 for 2017 Civic: I WAS TURNING INTO A PARKING LOT WHERE I THEN PROCEEDED TO PARK MY CAR INTO A PARKING SPOT. I PUT THE CAR IN PARK AND THE CAR CONTINUED TO MOVE FORWARD. THE CAR ENDED UP HITTING THE BUILDING THAT WAS 2 FEET IN FRONT OF ME. THE CAR THEN REVERSED ON IT'S OWN AND CHARGED FORWARD TO HIT THE BUILDING AGAIN. THE SECOND TIME IT HIT THE BUILDING THE AIR BAG WENT OFF. I TRIED TO PUT THE CAR IN REVERSE MANUALLY TO PREVENT IT FROM HITTING THE BUILDING. WHEN I DID THIS, THE CAR ACCELERATED BACKWARDS.

NHSTA Complaint on February 17, 2017 for 2016 Civic- THERE ARE THREE ISSUES WITH THIS 2016 HONDA CIVIC. HOWEVER ONE OF THESE ISSUES MUST BE ADDRESSED "IMMEDIATELY". WHEN YOU GO TO PARK YOUR CAR,(HAVING IT IN A STATIONARY POSITION) YOU PUSH THE PUSH BUTTON TO TURN IT OFF. HOWEVER IF YOUR

CLASS ACTION COMPLAINT

- 10 -

VEHICLE IS STILL IN DRIVE WHEN YOU TURN IT OFF, IT "TURNS OFF" AND GIVES YOU A WARNING TONE. BUT!!!! IF YOUR HARD OF HEARING, AND YOU DON'T HEAR THIS TONE, YOU GO TO GET OUT OF YOUR VEHICLE AND IT EITHER ROLLS BACKWARDS (KNOCKING YOU DOWN WITH THE DOOR) AS IT ROLLS AWAY FROM YOU (AND HOPEFULLY NOT OVER YOU), "OR" IT ROLLS FORWARD, RUNNING COMPLETELY AWAY FROM YOU. THERE IS NO SAFETY FEATURE, SUCH AS THE ACURA. THE ACURA AUTOMATICALLY LOCKS YOUR CARS POSITION SO IT DOESN'T ROLL AWAY FROM YOU OR OVER YOU... MY BOYFRIEND HAS BEEN HURT TWICE DUE TO THIS UNSAFE FEATURE. AND I MYSELF HAVE BEEN SURPRISED BY IT ONCE. THIS CAR ONLY HAS 5,000 MILES ON IT. QUESTION IS? HOW MANY MORE MILES WILL IT BE ABLE TO ACCUMULATE BEFORE KILLING ONE OF US, OR SOMEONE ELSE? IF THERE WAS A WAY FOR ME TO SEND YOU A VIDEO OF THIS I WOULD. BUT I DO NOT KNOW HOW TO UPLOAD FROM MY PHONE.

NHSTA Complaint on December 12, 2016 for 2016 Civic-CAR ALLOWED ITSELF TO BE TURNED OFF WHILE STILL IN DRIVE. UPON LEAVING CAR IT ROLLED DOWN INCLINE INTO ANOTHER CAR. MY HUSBANDS HONDA (2011 CRV) DOES NOT ALLOW THE CAR TO TURNED OFF IN DRIVE NOR DOES IT ALLOW THE KEY TO BE REMOVED FROM THE IGNITION WHILE STILL IN GEAR/DRIVE. *TR

NHSTA Complaint on December 06, 2016, for 2016 Civic-TL* THE CONTACT OWNS A 2016 HONDA CIVIC. WHILE THE VEHICLE WAS PARKED WITH THE PARKING BRAKE APPLIED, IT ROLLED AWAY AND CRASHED INTO A HANDICAP PARKING POLE. THERE WERE NO INJURIES AND A POLICE REPORT WAS NOT FILED. THE VEHICLE WAS TAKEN TO THE DEALER WHERE IT WAS DIAGNOSED THAT THE APPLICATION OF THE ELECTRICAL CONTROL UNIT FAILED. THE VEHICLE WAS NOT REPAIRED. THE VIN WAS INCLUDED IN NHTSA CAMPAIGN NUMBER: 16V725000 (PARKING BRAKE). THE MANUFACTURER WAS MADE AWARE OF THE FAILURE. THE FAILURE MILEAGE WAS 4,050. UPDATED 01/25/17*LJ

<u>NHSTA Complaint on November 02, 2016, for 2016, Civic</u>-THE ELECTRIC EMERGENCY BRAKE FAILED. THE CAR WAS PARKED, IGNITION TURNED OFF, EMERGENCY BRAKE APPLIED, AND LEFT THE VEHICLE. WHEN I RETURNED, THE CAR HAD ROLLED BACKWARDS DOWN A ROAD AND SLAMMED INTO ANOTHER PARKED CAR CAUSING DAMAGE TO BOTH VEHICLES. NO INJURIES RELATED TO THE ACCIDENT. POLICE REPORT IS NOT AVAILABLE YET. WE FOUND ABOUT THE RECALL THAT WAS ISSUED IN MID-OCTOBER BUT WE HAVE NOT BEEN NOTIFIED/CONTACTED YET.

<u>NHSTA Complaint on October 14, 2016, for 2016, Civic</u>-I PARKED MY 2016 HONDA CIVIC IN MY GARAGE AND SET THE PARKING BRAKE. I EXITED THE VEHICLE AND WALKED INTO THE HOUSE. THE VEHICLE MUST HAVE ROLLED OUT OF THE GARAGE (GARAGE SURFACE IS RATHER FLAT, PROBABLY WHY I DIDN'T SEE THIS HAPPEN) DOWN MY SLOPED DRIVEWAY ENDED UP IN THE NEIGHBORS YARD. VEHICLE SUSTAINED DAMAGE TO THE EXHAUST, BUMPER, UNDERSIDE OF TRUNK AND RIGHT REAR TIRE. THANK GOODNESS THAT NOBODY WAS INJURED. AT THE TIME I THOUGHT MAYBE I MADE A MISTAKE BUT NOW THAT HONDA HAS ISSUED A RECALL ON THE PARKING BRAKE I UNDERSTAND WHAT REALLY HAPPENED. I DID SET THE PARKING BRAKE BUT IT APPEARS THAT IT DID NOT EVER SET. I HAVE SINCE SEEN THIS HAPPEN AGAIN WHEN I HAVE PARKED ON OTHER SOMEWHAT FLAT SURFACES AND RETURNED TO MY VEHICLE AND IT APPEARS AS THOUGH IT HAD MOVED A SMALL AMOUNT. WITH THE RELEASE OF DETAILS IN THE SAFETY RECALL (NHTSA CAMPAIGN NUMBER: 16V725000) I NOW UNDERSTAND MORE ABOUT WHAT HAPPENED.

## **CLASS ACTION ALLEGATIONS**

41.     Pursuant to Rules 23(b)(2), and/or 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff will seek certification of a nationwide class preliminarily defined as follows:

**All persons who purchased or leased a 2016 to 2018 MY Honda Civic equipped with a CVT transmission in the United States (the**

**"Class").**

42.    Plaintiff also seeks certification of a Subclass defined as follows:

**A Tennessee Subclass consisting of: All persons who purchased or leased a 2016 to 2018 Honda Civic equipped with a CVT transmission in Tennessee.**

43.    The Class and Subclass definitions specifically exclude: (a) all persons who have had their Class Vehicle re-purchased or "bought back" by Honda (whether the buy-back was required by law or was solely by agreement), or who previously signed a release of the defect claims alleged in this Complaint; (b) Defendants and any of their current officers or executives; (c) any person, firm, trust, corporation, or other entity who purchased a Class Vehicle solely for resale; and (e) any Judge presiding over this action.

44.    The scope of this class action neither seeks to include nor extinguish any personal injury, death, or property damage claims arising from or relating to rollaway incidents regarding any Class Vehicle.

45.    The proposed classes meet the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3).

46.    *Numerosity and Ascertainablility*: The Class and Subclass are comprised of tens of thousands of Class Vehicle owners throughout the United States, making joinder impractical. Moreover, the Class and Subclass are composed of an easily ascertainable, readily identifiable set of individuals and entities who purchased Class Vehicles.  The members of the Class and Subclass are so numerous that joinder of all members is impracticable.  The precise number of Class and Subclass Members can be ascertained only through discovery, which includes Honda's network sales, service, and complaint records.  The disposition of their claims through a class action will benefit both the parties and this Court. Furthermore, members of the Class and Subclass may be identified from records maintained by Honda and its agents, and may be notified of the pendency of this

action by mail, or other appropriate means, using a form of notice customarily used in consumer class actions.

47.    *Commonality*: The critical questions of law and fact common to the Class and Subclass that will materially advance the litigation include, but are not limited to, the following:

a.    Whether Honda engaged in the conduct alleged herein;

b.    Whether the Class Vehicles contain a safety defect;

c.    Whether Honda knew about the Rollaway Defect and, if so, how long Honda has known of it;

d.    Whether Honda defectively designed or manufactured the Class Vehicles;

e.    Whether Plaintiff and Class members were exposed to the same omissions of fact or misleading advertising regarding the Rollaway Defect;

f.    Whether Honda's conduct violates consumer protection statutes, false advertising laws, sales contracts, warranty laws, and other laws associated herein;

g.    Whether Plaintiff and Class members overpaid for their Class Vehicles;

h.    Whether Plaintiff and Class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief, and

i.    Whether Plaintiff and Class members are entitled to damages and other monetary relief and, if so, in what amount.

48.    *Typicality*: Plaintiff's claims are typical of the claims of the members of the Class and Subclass, as all such claims arise out of Honda's conduct in designing, manufacturing, warranting, and selling the Class Vehicles with the Rollaway Defect.

49.    *Adequate Representation*: Plaintiff will fairly and adequately protect

the interests of Class Members and have no interests antagonistic to those of the Class.  Plaintiff has retained counsel experienced in the prosecution of complex class actions including, but not limited to, consumer class actions involving, *inter alia*, breach of warranties, product liability, and product design defects.

50.    *Predominance*: This class action is appropriate for certification because questions of law and fact common to Class and Subclass Members predominate over questions affecting only individual members.

51.    *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring individual Class and Subclass Members to bring separate actions would create a multiplicity of lawsuits burdening the court system and the risks of inconsistent rulings and of contradictory judgments. Alternatively, the diminution in value attributable to the defect may not be sufficient to economically justify individual litigation of these claims. Because the damages suffered by each Class and Subclass Member are relatively small compared to the expense and burden of prosecuting this compelling case against a well-financed, multibillion-dollar corporation, this class action is the only way each Class and Subclass Member can redress the harm that Honda caused.

52.    This lawsuit is also maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted or refused to act on grounds that are generally applicable to the Class and Subclass Members, thereby making final injunctive relief appropriate with respect to the Class and Subclasses.

## TOLLING OF STATUTES OF LIMITATIONS

53.    *Discovery Rule*. Plaintiff's claims accrued upon discovery that the shifter system that Honda designed, manufactured, and installed into the Class Vehicles suffered from the Rollaway Defect, and that the Rollaway Defect could not be repaired.  While Honda knew of and omitted the Rollaway Defect, Plaintiff, Class Members, and Subclass Members could not and did not discover this fact through reasonable diligent investigation until after they experienced rollaway

incidents, and reasonably excluded other potential causes of the failures.

54.    *Active Concealment Tolling*. Any statutes of limitations are tolled by Honda's knowing and active concealment of the Rollaway Defect.  Honda kept Plaintiff and all Class and Subclass Members ignorant of vital information essential to the pursuit of their claims, without any fault or lack of diligence on the part of Plaintiff.  The details of Honda's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and the Class and Subclass Members.  Plaintiff and Class Members could not reasonably have discovered the Rollaway Defect.

55.    *Estoppel*. Honda was and is under a continuous duty to disclose to Plaintiff, as well as Class and Subclass Members, the true character, quality, and nature of the Class Vehicles' shifter system.  At all relevant times, and continuing to this day, Honda knowingly, affirmatively, and actively misrepresents and omits the true character, quality, and nature of the Class Vehicles' shifters.  The details of Honda's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiff and Class and Subclass Members.  Plaintiff and Class and Subclass Members reasonably relied upon Honda's knowing and/or active omissions.  Based on the foregoing, Honda is estopped from relying upon any statutes of limitation in defense of this action.

56.    *Equitable Tolling*. Honda took active steps to omit the fact that it wrongfully, improperly, illegally, and repeatedly manufactured, marketed, distributed, sold, and/or leased the Class Vehicles with the Rollaway Defect.  The details of Honda's efforts to conceal its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of the Plaintiff and Class and Subclass Members.  When Plaintiff learned about this material information, she exercised due diligence by thoroughly investigating the situation, retaining counsel, and pursuing her claims.  Honda wrongfully omitted its deceitful acts described above.  Should it be necessary, therefore, all applicable statutes of limitation are

tolled under the doctrine of equitable tolling.

**FIRST CLAIM FOR RELIEF**
**Breach of Express Warranty**
**(On behalf of the National Class)**

57.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

58.     Plaintiff brings this claim individually and on behalf of the National Class, or, in the alternative, on behalf of the Tennessee Subclass against Honda.

59.     Honda expressly warranted that it would cover the cost of all parts and labor to repair any item on the vehicle when it left the manufacturing plant that is defective in material or workmanship.

60.     Further, Honda advertised the Class vehicles as "safe" and '"reliable" while failing to disclose to Plaintiff and Class Members any hint of the risks posed by the Rollaway Defect, which renders the Class vehicles dangerous and unreliable.

61.     Honda materially breached its expressed warranties by selling and leasing Class Vehicles that contained the Rollaway Defect, which rendered the Class vehicles unsafe or unfit for use as warranted. Thus, at the point of sale, the written warranties were breached by Honda as the Class Vehicles were unreasonably dangerous and contained an inherent design defect.

62.     Honda breached the express warranty because it did not promptly replace or buy back the Class Vehicle of Plaintiff and the other Class members.

63.     Honda was put on notice of the breach by Class member's online complaints available on NHSTA, and other online public websites.

64.     In addition, Honda's express warranty has failed its essential purpose due to the Rollaway defect not being covered under either the Powertrain or Limited warranties that accompanied each Class Vehicle. Specifically, the Electric Parking Break and any update to the Vehicle Stability Assistance software within the Class Vehicles are not covered by either the Powertrain or Limited warranties.

65.     As a result of Honda's breach of its express warranties, Plaintiff and the other Class members received goods in a dangerous condition that substantially impairs their value to Plaintiff and the other Class members. Plaintiff and the other Class members have been damages as a result of the diminished value of the Class Vehicles and the inability to safely use their Class Vehicles.

66.     Plaintiff and Class members are entitled to recover all damages as a result of said breach of warranties in an amount in excess of $5,000,000.

### SECOND CLAIM FOR RELIEF
### Breach of Implied Warranties
### (On behalf of the National Class)

67.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

68.     Plaintiff brings this claim individually and on behalf of the National Class, or, in the alternative, on behalf of the Tennessee Subclass against Honda.

69.     Honda is a manufacturer and seller, as it designed, assembled, fabricated, produced, constructed, and prepared the Class Vehicles before they were sold.  Honda is a seller because it was a manufacturer, wholesaler, and distributor engaged in the business of selling a product for resale or use, with actual knowledge of the Rollaway Defect.

70.     Honda impliedly warranted that the Class Vehicles, which it designed, manufactured, and sold or leased to Plaintiff and Class members, were merchantable, fit and safe for their ordinary use, not otherwise injurious to consumers, and equipped with adequate safety warnings.

71.     Honda did not effectively disclaim these implied warranties.

72.     The Class Vehicles sold by Honda were defective at the time of their sale.  Honda breached its implied warranty of merchantability, in that, among other things, the good were not safe, merchantable, and reasonably suited for the ordinary

purposes for which they were sold.

73.    Honda, through its agent dealership, sold a Class Vehicle to Plaintiff.

74.    Plaintiff was a person whom Honda reasonably might have expected to purchase and use a Class Vehicle.

75.    Plaintiff relied upon Honda's implied warranties that the Class Vehicle she purchased was of merchantable quality and fit for its intended purposes.  The Rollaway Defect rendered it unreasonably dangerous and, as a result, caused her Class Vehicle to fail to move into park, fail to provide a positive indication to the driver that it had not properly been placed in park, and rolled away causing injury to Plaintiff and the vehicle itself.

76.    Honda placed the Class Vehicles in the stream of commerce and expected them to reach consumers without substantial change in the condition in which they were sold. Indeed, a Class Vehicle reached Plaintiff—someone who would reasonably be expected to use, consume, or be affected by the performance of a Class Vehicle—without substantial change in the condition in which it was sold.

77.    The Class Vehicles are defective, and their Rollaway Defect is outlined throughout this Complaint.  Generally, their design includes a dangerous, defective shifter system.  Despite knowledge of the Rollaway Defect, Honda failed to warn consumers about the defect.

78.    In situations such as Plaintiff's—where the driver used the Class Vehicle as intended and in a foreseeable and reasonable manner—the vehicle should not fail.

79.    Nevertheless, Plaintiff's Class Vehicle failed, and it did so because of the Rollaway Defect that existed in the Class Vehicle at the time it left the manufacturer's control.

80.    Honda knew or should have known of the defective design of the Class Vehicles and that, as a result, they were unreasonably dangerous.

81.     Honda did not warn or alert purchasers or users of the foregoing dangers, despite knowledge of them.

82.     As a direct and proximate result of the Rollaway Defect in the Class Vehicle's design and manufacture and Honda's failures to warn, Plaintiff has sustained injuries, damages, and loss.

83.     Honda is liable to Plaintiff and Class members for damages caused by the above defects and inadequacies in the design and manufacture of the Class Vehicles.

**THIRD CLAIM FOR RELIEF**
**Violation of the Magnuson-Moss Warranty Act**
**15 U.S.C. § 2301,** *et seq.*
**(On behalf of the National Class)**

84.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

85.     Plaintiff brings this claim individually and on behalf of the National Class against Honda.

86.     Plaintiff and Class Members are "consumers" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(3).

87.     Honda is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(4) and (5).

88.     The Class Vehicles at issue are "consumer products" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(6).

89.     Honda's express warranties are written warranties within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6). The Class Vehicles' implied warranties are covered under 15 U.S.C. § 2301(7).

90.     Honda breached these warranties as described in more detail above. Without limitation, the Class Vehicles fail to notify the driver when the vehicle is not properly in park, and fail to activate the Electric Parking Brake to prevent the

vehicle from rolling away if the vehicle is not fully placed in park. The Class Vehicles share a common design defect in that the Class vehicles fail to operate as represented by Honda, specifically, that they are safe for ordinary use.

91.    Plaintiff and other Nationwide Class members have had sufficient direct dealings with Honda or its agents (dealerships or corporate representatives) to establish privity of contract between Honda, on one hand, and Plaintiff and each of the other Class members on the other hand. Nonetheless, privity is not required here because Plaintiff and each of the other Class members are intended third-party beneficiaries of contracts between Honda and its dealers and, specifically, of Honda's implied warranties. The dealers were not intended to be the ultimate consumers of the Class Vehicles and have no rights under the warranty agreements provided with the Class Vehicles; the warranty agreements were designed for and intended to benefit the consumers only.

92.    Affording Honda a reasonable opportunity to cure its breach of written warranties would be unnecessary and futile here. Indeed, Plaintiff and many others already alerted Honda of the defect, and Honda has failed to cure the Rollaway Defect. At the time of sale or lease of each Class Vehicle, Honda knew, or should have known, or was reckless in not knowing of its misrepresentations and omissions concerning the Class Vehicle's inability to perform as warranted, but nonetheless failed to rectify the situation and/or disclose the defective design. Under the circumstances, the remedies available under any informal settlement procedure would be inadequate and any requirement that Plaintiffs resort to an informal dispute resolution procedure and/or afford Ford a reasonable opportunity to cure its breach of warranties is excused and thereby deemed satisfied.

93.    Honda has breached and continues to breach its written and implied warranties of future performance, thereby damaging Plaintiff and Class Members, because the Class Vehicles fail to perform as represented due to the undisclosed Rollaway Defect.  Honda failed to fully cover or pay for necessary inspections,

repairs and/or vehicle replacements for Plaintiff and the Class.

94.     Honda is under a continuing duty to inform its customers of the nature and existence of potential safety related defects in the Class Vehicles.

95.     Such irreparable harm includes, but is not limited to, likely injuries and crashes as a result of the Rollaway Defect in the Class Vehicles.

96.     Plaintiff and the Class seek full compensatory damages allowable by law, the diminished value of the Class Vehicles, the repair or replacement of all Class Vehicles, the refund of money paid to own or lease all Class Vehicles, and punitive damages, and appropriate equitable relief including injunctive relief, restitution, a declaratory judgment, a court order enjoining Honda's wrongful acts and practices, and any other relief to which Plaintiff and the Class may be entitled, including attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**Tenn. Code §§ 47-2-314 and 47-2a-212, *et seq*.**
**(On behalf of the Tennessee Subclass)**

97.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

98.     Plaintiff brings this claim individually and on behalf of the Tennessee Subclass against Honda.

99.     Honda was at all relevant times "merchants" with respect to motor vehicles under Tenn. Code §§ 47-2-104(1) and 47-2A-103(1)(t), and "sellers" of motor vehicles under § 47-2-103(1)(d).

100.    With respect to leases, Honda is and was at all relevant times "lessors" of motor vehicles under Tenn. Code § 47-2A-103(1)(p).

101.    The Class Vehicles are and were at all relevant times "goods" within the meaning of Tenn. Code §§ 47-2-105(1) and 47-2A-103(1)(h).  A warranty that

the Class Vehicles were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to Tenn. Code §§ 47-2314 and 47-2A-212.

102.    Honda sold and/or leased Class Vehicles that were not in merchantable condition and/or fit for their ordinary purpose in violation of the implied warranty. The Class Vehicles were not in merchantable condition because their defective design violated state and federal laws.  The Class Vehicles were not fit for their ordinary purpose because their Rollaway Defect is unreasonably dangerous.

103.    Honda's breaches of the implied warranty of merchantability caused damage to the Plaintiff and the Tennessee State Subclass.  The amount of damages due will be proven at trial.

**FIFTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**Tenn. Code §§ 47-2-313 and 47-2A-210, *et seq*.**
**(On behalf of the Tennessee Subclass)**

104.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

105.    Honda is defined as Defendants for the purposes of this section and solely this section.

106.    Plaintiff brings this claim individually and on behalf of the Tennessee Subclass against Honda.

107.    Defendants were at all relevant times "merchants" with respect to motor vehicles under Tenn. Code §§ 47-2-104(1) and 47-2A-103(1)(t), and "sellers" of motor vehicles under § 47-2-103(1)(d).

108.    With respect to leases, Defendants were at all relevant times "lessors" of motor vehicles under Tenn. Code § 47-2A-103(1)(p).

109.    The Class Vehicles are and were at all relevant times "goods" within

the meaning of Tenn. Code §§ 47-2-105(1) and 47-2A-103(1)(h).

110.    Defendants expressly warranted that it would cover the cost of all parts and labor to repair any item on the vehicle when it left the manufacturing plant that is defective in material or workmanship. Upon information and belief, the exact nature of the Rollaway Defect-and whether it is included in Honda's express written warranty-will be clarified through discovery.

111.    Honda materially breached its expressed warranties by selling and leasing Class Vehicles that contained the Rollaway Defect, which rendered the Class Vehicles unsafe or unfit for use as warranted. Thus, at the point of sale, the written warranties were breached by Defendants as the Class Vehicles were unreasonably dangerous and contained an inherent design defect.

112.    Defendants was put on notice of the breach by Class members' online complaints available on NHSTA and other online public websites.

113.    In addition, Defendants' express warranty has failed its essential purpose due to the Rollaway defect not being covered under either the Powertrain or Limited warranties that accompanied each Class Vehicle. Specifically, upon information and belief, the Electric Parking Break and any update to the Vehicle Stability Assistance software within the Class Vehicles are not covered by either the Powertrain or Limited warranties.

114.    As a result of Honda's breach of its express warranties, Plaintiff and the other Class members received goods whose goods whose dangerous condition substantially impairs their value to Plaintiff and the other Class members. Plaintiff and the other Class members have been damaged as a result of the diminished value of the Class Vehicles and the inability to use their Class Vehicles.

115.    Plaintiff and Class members are entitled to recover all damages as a result of said breach of warranties, and any other relief to which Plaintiff and the Class may be entitled, including attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF
#### Violation of the California Consumers Legal Remedies Act
#### Cal. Civ. Code § 1750, *et seq*. ("CLRA")
#### (On behalf of the National Class)

116.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

117.    Plaintiff brings this claim individually and on behalf of the National Class against Honda.

118.    Honda is a "person" as defined by California Civil Code § 1761(c).

119.    Plaintiff and Class Members are "consumers" within the meaning of California Civil Code §1761(d) because they purchased their Class Vehicles primarily for personal, family, or household use.

120.    By failing to disclose and concealing the Rollaway Defect from Plaintiff and Class Members, Honda violated California Civil Code § 1770(a), as Honda represented that the Class Vehicles were safe and had characteristics and benefits that they do not have, and represented that the Class Vehicles were of a particular standard, quality, or grade when they were of another.  See Cal. Civ. Code § 1770(a)(5), (7), (9), (14), & (16).

121.    Honda's unfair and deceptive acts or practices occurred repeatedly in Honda's trade or business, were capable of deceiving a substantial portion of the purchasing public, and imposed a serious safety risk on the public.

122.    Honda advertised the Class vehicles as "safe" and '"reliable" while failing to disclose to Plaintiff and Class Members any hint of the risks posed by the Rollaway Defect, which renders the Class vehicles dangerous and unreliable.

123.    Honda knew that the Class Vehicles suffered from an inherent design and were not suitable for their intended use. Specifically, the dangers of the design of the Rollaway Defect, were, or should have been, obvious from the fact that the shifter violates several basic design principles, and from analysis and testing that

Honda conducts on the Class vehicles.

124. As a result of their reliance on Honda's omissions and/or misrepresentations, Class members suffered an ascertainable loss of money, property, and/or value of their Class Vehicles. Additionally, as a result of the Rollaway Defect, Plaintiff and Class Members were harmed and suffered actual damages in that the Class Vehicles had a safety defect that made the vehicles prone to rollaway when placed in park, with no safeguards to prevent this risk.

125. Plaintiff and Class Members were exposed to uniform misrepresentations and omissions by Honda as nothing in the owners' manual of the Class Vehicles, or any other advertising material from Honda, made reference to or warned Class Members of the Rollaway Defect.

126. Honda had a duty to Plaintiff and Class Members to disclose the defective nature of the shifters and/or the associated repair costs because:

    a. Honda was in a superior position to know the true state of facts about the safety defect in the Class Vehicles' shifters;

    b. Plaintiff and Class Members could not reasonably have been expected to learn or discover that their shifters had a dangerous safety defect until it manifested; and

    c. Honda knew that Plaintiff and Class Members could not reasonably have been expected to learn of or discover the safety defect; and

    d. The Rollaway Defect is a safety issue that creates an unreasonably dangerous situation for Plaintiff and Class members.

127. In failing to disclose the Rollaway Defect, and in advertising the Class Vehicles as safe and reliable, Honda knowingly and intentionally omitted material facts and breached its duty not to do so.

128. The facts about the Rollaway Defect that Honda concealed from or failed to disclose to Plaintiff and Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to

purchase or lease the Class Vehicles or pay less for them.  Had Plaintiff and Class Members known that the Class Vehicles were defective, they would not have purchased or leased the Class Vehicles or would have paid less for them.

129.   Plaintiff and Class Members are entitled to equitable relief.

130.   In accordance with Civil Code § 1780(a), Plaintiffs and the other Class members seek injunctive and equitable relief for Honda's violations of the CLRA, including an injunction to enjoin Honda from continuing its deceptive advertising and sales practices. In addition, after mailing appropriate notice and demand in accordance with Civil Code § 1782(a) & (d), Plaintiff and the other Class members will amend this Class Action Complaint to include a request for damages.

### SEVENTH CLAIM FOR RELIEF
### Violation of the California Unfair Competition Law
### Cal. Bus. & Prof. Code § 17200, *et seq*.
### (On behalf of the National Class)

131.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

132.   Plaintiff brings this claim individually and on behalf of the National Class against Honda.

133.   California Business & Professions Code § 17200, et seq. ("UCL") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

134.   Plaintiff and Class Members are reasonable consumers who do not expect their Class Vehicles to fail to notify them as to whether the car has been placed into the safe-to-exit "park" gear, nor have a safety override that automatically puts the car in "park" or applies the parking brake if the driver gets out of the car.

135.   Further, Honda advertised the Class vehicles as "safe" and '"reliable" while failing to disclose to Plaintiff and Class Members any hint of the risks posed

by the roll away defect-which is dangerously unreliable.

136. Honda knew the Class Vehicles suffered from inherent defects, were defectively designed or manufactured, would fail to operate as intended, and were not suitable for their intended use.

137. In failing to disclose the Rollaway Defect, Honda knowingly and intentionally concealed material facts and breached its duty not to do so.

138. By their conduct, Honda has engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

139. Honda had a duty to Plaintiff and Class Members to disclose the defective nature of the Class Vehicles because:

      a. Honda was in a superior position to know the true facts about the Class Vehicles' safety defect;

      b. Honda made partial disclosures about the quality of the Class Vehicles without revealing the defective nature of the Class Vehicles; and

      c. Honda actively concealed the defective nature of the Class Vehicles from Plaintiff and Class Members.

140. The facts regarding the Rollaway Defect that Honda concealed from or failed to disclose to Plaintiff and Class are material in that a reasonable person would have considered them to be important in deciding whether to purchase or lease Class Vehicles. Had Plaintiff and Class Members known that the Class Vehicles were defective and posed a safety hazard, they would not have purchased or leased Class Vehicles, or would have paid less for them.

141. Honda continues to conceal the defective nature of the Class Vehicles, even after Class Members have reported problems.

142. Honda's conduct was and is likely to deceive consumers. Honda's unfair or deceptive acts or practices occurred repeatedly in Honda's trade or business, and were capable of deceiving a substantial portion of the purchasing

public.

143.   Honda's acts, conduct, and practices were unlawful in California, in that they constituted:

      a.  Violations of the CLRA;

      b.  Violations of the Song-Beverly Consumer Warranty Act; and

      c.  Breaches of the express and implied warranties in violation of California, Tennessee, and federal law.

144.   As a result of their reliance on Honda's omissions and/or misrepresentations, owners and/or lessees of the Class Vehicles suffered an ascertainable loss of money, property, and/or value of their Class Vehicles. Additionally, as a result of the Rollaway Defect, Plaintiff and Class Members were harmed and suffered actual damages in that the Class Vehicles' are worth less than they would be if they were not prone to the Rollaway Defect.

145.   As a direct and proximate result of Honda's unfair and deceptive practices, Plaintiff and Class Members have suffered and will continue to suffer actual damages.

146.   Honda has been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the California Business & Professions Code.

147.   Plaintiff and the Class seek all remedies available pursuant to § 17070, *et seq.* of the California Business & Professions Code, including full restitutionary damages allowable by law, the diminished value of the Class Vehicles, the repair or replacement of all Class Vehicles, the refund of money paid to own or lease all Class Vehicles, and appropriate equitable relief including injunctive relief, restitution, a declaratory judgment, a court order enjoining Honda's wrongful acts and practices, and any other relief to which Plaintiff and the Class may be entitled, including attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF
### Breach of Implied Warranty Under the Song-Beverly Consumer Warranty Act, California Civil Code §§ 1792 and 1791.1, *et seq.*
### (On behalf of the National Class)

148.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

149.   Plaintiff brings this claim individually and on behalf of the National Class against Honda.

150.   Plaintiff and Class Members are "buyers" within the meaning of the Song-Beverly Consumer Warranty Act, California Civil Code § 1791(a).

151.   Honda is a "manufacturer" within the meaning of the Song-Beverly Consumer Warranty Act, California Civil Code § 1791(j).

152.   The Class Vehicles at issue are "consumer goods" within the meaning of the Song-Beverly Consumer Warranty Act, California Civil Code § 1791(a).

153.   The Powertrain Warranty and Limited Warranty are "express warranties" within the meaning of the Song-Beverly Consumer Warranty Act, California Civil Code § 1791.2.

154.   At all relevant times, Honda manufactured, distributed, warranted, and/or sold the Class Vehicles.  Honda knew or had reason to know of the specific use for which the Class Vehicles were purchased or leased.

155.   Honda provided an implied warranty to Plaintiff and Class Members, which warranted that the Class Vehicles, including the components parts, are merchantable and fit for the ordinary purposes for which they were sold.  However, the Class Vehicles suffer from an inherent defect at the time of sale and, thereafter, are not fit for their ordinary purpose of providing reasonably safe and reliable transportation.

156.   Honda impliedly warranted that the Class Vehicles are of merchantable quality and fit for such use.  The implied warranty includes, among

other things: (i) a warranty that the Class Vehicles manufactured, supplied, distributed, and/or sold by Honda are safe and reliable for providing transportation; and (ii) a warranty that the Class Vehicles are fit for their intended use.

157. Contrary to the applicable implied warranties, the Class Vehicles, at the time of sale and thereafter, were not fit for their ordinary and intended purpose of providing Plaintiff and Class Members with reliable, durable, and safe transportation. Instead, the Class Vehicles are defective and suffer from defects that compromise their reliability, durability, and safety.

158. As a result of Honda's breach of the applicable implied warranties, owners and/or lessees of the Class Vehicles have suffered an ascertainable loss of money, property, and/or value of their Class Vehicles. Additionally, as a result of the Rollaway Defect, Plaintiff and Class Members were harmed and suffered actual damages in that the Class Vehicles are substantially certain to fail or have failed before their expected useful life has run. The Rollaway Defect creates a high risk of accidents, injuries, and even death.

159. Honda's actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for such use, in violation of California Civil Code §§ 1792 and 1791.1, et seq.

160. Plaintiff and the Class seek full compensatory damages allowable by law, the diminished value of the Class Vehicles, the repair or replacement of all Class Vehicles, the refund of money paid to own or lease all Class Vehicles, and any other relief to which Plaintiffs and the Class may be entitled, including attorneys' fees and costs.

**NINTH CLAIM FOR RELIEF**
**Equitable Injunctive and Declaratory Relief**
**(On behalf of the National Class)**

161. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

162.   Plaintiff brings this claim individually and on behalf of the Class against Honda.

163.   Honda is under a continuing duty to inform its customers of the nature and existence of potential defects in the vehicles it sells.

164.   Honda acted uniformly towards Plaintiff and the Class Members by refusing to adequately warn about the dangers of the Rollaway Defect or offer a permanent repair of the defect.

165.   Plaintiff, members of the Class, and the public will suffer irreparable harm if Honda is not ordered to properly repair all of the Class Vehicles immediately, offer rescission to the Class by repurchasing their Class Vehicles for their full cost and reimbursing the lessees of the Class Vehicles the monies they have paid toward their leases, recalling all Class Vehicles with the Rollaway Defect, and ceasing and desisting from marketing, advertising, selling, and leasing the Class Vehicles.

166.   Such irreparable harm includes, but is not limited to, likely injuries as a result of the Rollaway Defect in the Class Vehicles.

167.   Plaintiff and the Class seek appropriate equitable relief, including injunctive relief, a declaratory judgment, a court order enjoining Honda's wrongful acts and practices, the repair or replacement of all Class Vehicles, the refund of money paid to own or lease all Class Vehicles, and any other relief to which they may be entitled.

## **PRAYER FOR RELIEF**

Plaintiff, individually and on behalf of all others similarly situated, requests the Court enter judgment against Honda, and accordingly requests the following:

a.   An order certifying the proposed Class and Sub-Class and designating Plaintiff as named representative of the Classes and designating the undersigned as Class Counsel;

b.   A declaration that Honda is financially responsible for notifying all

Class Members about the defective nature of the Class Vehicles;

c.  A declaration that both the Basic Limited and Powertrain Limited Warranties fail their essential purpose;

d.  An order enjoining Honda from further deceptive distribution, sales, and lease practices with respect to their Class Vehicles; to repair all other damages to the Class Vehicles caused by the Defect;

e.  A further order enjoining Honda from the conduct alleged herein, including an order enjoining Honda from concealing the existence of the Defect during distribution, sales, and advertisements, as well as during customer and warranty service visits for the Class Vehicles;

f.  An award to Plaintiff and Class Members of compensatory, actual, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

g.  A declaration that Honda must disgorge, for the benefit of Plaintiff and Class Members, all or part of the ill-gotten profits it received from the sale or lease of their Class Vehicles, or make full restitution to Plaintiff and Class Members;

h.  An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5 and all other applicable laws;

i.  An award of pre-judgment and post-judgment interest, as provided by law;

j.  Any and all remedies provided pursuant to the Song-Beverly Act, including California Civil Code § 1794;

k.  Leave to amend the Complaint to conform to the evidence produced at trial;

l.  Such other relief as may be appropriate under the circumstances.

m. An order enjoining Honda to repair or replace the transmissions in the Class Vehicles;

## **DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a trial by jury as to all matters so triable.

Date: December 4, 2017                    AHDOOT & WOLFSON, PC

Robert Ahdoot, SBN 172098
rahdoot@ahdootwolfson.com
Theodore Maya, SBN 223242
tmaya@ahdootwolfson.com
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111; Fax: (310) 474-8585

Gregory F. Coleman*
greg@gregcolemanlaw.com
GREG COLEMAN LAW PC
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049

Daniel K. Bryson*
Dan@wbmllp.com
J. Hunter Bryson*
Hunter@wbmllp.com
WHITFIELD BRYSON & MASON LLP
900 W. Morgan St.
Raleigh, NC 27603
Telephone: 919-600-5000
Facsimile: 919-600-5035
* *pro hac vice* pending

Attorneys for Plaintiff, Heather Floyd

CLASS ACTION COMPLAINT
- 34 -