Robert Ahdoot, SBN 172098
rahdoot@ahdootwolfson.com
Theodore Maya, SBN 223242
tmaya@ahdootwolfson.com
AHDOOT & WOLFSON, PC
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111; Fax: (310) 474-8585

Gregory F. Coleman*
greg@gregcolemanlaw.com
GREG COLEMAN LAW PC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929

Daniel K. Bryson*
Dan@wbmllp.com
J. Hunter Bryson*
Hunter@wbmllp.com
WHITFIELD BRYSON & MASON LLP
900 W. Morgan St.
Raleigh, NC 27603

* admitted *pro hac vice*

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

HEATHER FLOYD, JODY SCHUTTE, and KATE ZAIGER, individually and on behalf of all others similarly situated,

        Plaintiffs,

     v.

AMERICAN HONDA MOTOR CO., INC., a California Corporation, and HONDA NORTH AMERICA, INC., a Delaware Corporation,

        Defendants.

Case No.: 2:17-cv-08744-SVW-AS

**PLAINTIFFS' RESPONSE ON ORDER TO SHOW CAUSE**

## I.    INTRODUCTION

On August 23, 2020, Plaintiffs Heather Floyd, Jody Schutte, and Kate Zaiger ("Plaintiffs"), voluntarily dismissed this case without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. Dkt. 52. The following day, Defendants American Honda Motor Co. and Honda North America, Inc. (collectively, "Honda") filed a Notice of Related Case in the already-dismissed matter, falsely accusing Plaintiffs of judge and forum shopping based on unfounded speculation and clear distortions of the record. Dkt. 53. Plaintiffs filed a Response to that Notice of Related Case on August 27, 2020. Dkt. 54.

Two months later, on October 26, 2020, the Court *sua sponte* entered an Order stating that it "is considering whether Plaintiffs violated the Federal Rules by filing a voluntary dismissal for an improper purpose namely, for forum shopping or judge shopping" and ordering Plaintiffs' counsel to "show cause why sanctions should not be imposed." Dkt. 55. Plaintiffs' counsel hereby responds to the Court's Order.

Plaintiffs' counsel has not engaged in forum or judge shopping or any form of sanctionable conduct in this or any other case. Every procedural step taken by Plaintiffs in this case has been for a legitimate purpose and in accordance with the Federal Rules of Civil Procedure. The accusations leveled by Honda regarding Plaintiffs' conduct were completely unjustified, and, similarly, the Court's "consider[ation]" of whether Plaintiffs' voluntary dismissal pursuant to Rule 41(a) violated Rule 11 is wholly unwarranted by the facts, the relevant Federal Rules, and applicable case law.

Plaintiffs therefore respectfully request that no sanctions be ordered and that the Court strike the Order to Show Cause from the record.

## II.    PROCEDURAL HISTORY

Plaintiff Heather Floyd, filed this putative class action ("Floyd") in this Court on December 4, 2017 (Dkt. 1). Plaintiffs' First Amended Complaint ("FAC") was filed on March 12, 2018 (Dkt. 30), on behalf of all persons who purchased or leased

a 2016 to 2018 MY Honda Civic equipped with a CVT transmission (the "Class Vehicles") in the United States (the "National Class"), and on behalf of subclasses of persons who purchased or leased a Vehicle in Tennessee, Wisconsin, or California (collectively, the "State Subclasses"). Plaintiffs alleged that Honda failed to resolve a dangerous defect in the Vehicles that prevents drivers from being able to determine whether their vehicles are properly placed in "park." The Vehicles do not indicate to drivers that they are out of gear, nor do they automatically activate the electronic parking brake, resulting in vehicles that are prone to—and sometimes actually do—unintentionally roll away, often causing crashes or injuries (the "Rollaway Defect"). Plaintiffs alleged that Honda knew or should have known of the Rollaway Defect but failed to conduct adequate testing and inspections and failed to warn class members of the Defect. All three plaintiffs named in the FAC experienced the Rollaway Defect. Plaintiffs alleged that nearly a million vehicles with the Rollaway Defect remain in use by unsuspecting owners.

On behalf of the National Class, the FAC raised claims for violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301, *et seq*.) ("MMWA") and sought equitable injunctive and declaratory relief. On behalf of the National Class or, alternatively, each State Subclass, Plaintiffs brought claims for breach of express warranty and breach of implied warranties. On behalf of the National Class or, alternatively, the California Subclass, Plaintiffs claimed violations of the California Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et seq*.) and California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*.), and breaches of express and implied warranties under the Song-Beverly Consumer Warranty Act, California Civil Code §§ 1792 and 1791.1, *et seq*. On behalf of the Tennessee Subclass, Plaintiffs alleged breach of implied warranty of merchantability (Tenn. Code §§ 47-2-314 and 47-2a-212, *et seq*.) and breach of express warranty (Tenn. Code §§ 47-2-313 and 47-2A-210, *et seq*.). On behalf of the Wisconsin Subclass, the FAC alleged violation of the Wisconsin Deceptive Trade Practices Act (Wis.

Stat § 100.18, *et seq.*), breach of implied warranties (Wis. Stat. § 402.314), and breach of express warranties (Wis. Stat. § 402.313).

The FAC asserted federal jurisdiction on the basis of the Class Action Fairness Act ("CAFA") and, in addition, claimed supplemental jurisdiction over Plaintiffs' state law claims.

Honda moved to dismiss Plaintiffs' claims. On June 13, 2018, the Court dismissed Plaintiffs' action, finding that the FAC failed to name one hundred plaintiffs and held that "[b]ecause supplemental jurisdiction for all the Plaintiffs' state claims was based on jurisdiction over the MMWA claim, this Court lacks subject-matter jurisdiction over the state-law claims. Thus, all of Plaintiffs' claims are dismissed[.]" Dkt. 45. Plaintiffs disagreed with the Court's ruling because Plaintiffs maintained that jurisdiction existed pursuant to CAFA. Plaintiffs filed an appeal with the Ninth Circuit (Dkt. 46), and this case (*Floyd*) was dismissed on July 26, 2018 (Dkt. 48).

After first bringing this case, Plaintiffs' counsel received inquiries from numerous other individuals across the country complaining about the same or similar defects in their Honda vehicles. Plaintiffs' counsel was retained by these individuals across the United States who own or lease similarly defective and unsafe Honda vehicles, and Plaintiffs' counsel began filing cases in these other plaintiffs' home states. These individuals included, but are not limited to, Sheryl Tenzyk and Larry Allen (both of New York), who are named plaintiffs in an action brought in the Eastern District of New York on November 1, 2018 (*Tenzyk v. Honda,* Case No. 2:19-CV-09787 (E.D.N.Y.) ("*Tenzyk*")); and Patrick Rojas (of Florida), who is a named plaintiff in an action brought in the Southern District of Florida on May 1, 2019 (*Rojas v. Honda,* Case No.: 2:19-cv-10136 (S.D. Fla.) ("*Rojas*")).

On behalf of a national class, the *Tenzyk* Complaint alleged breach of express warranty, breach of implied warranties, violation of MMWA, and sought equitable injunctive and declaratory relief. On behalf of a class of New York purchasers only,

*Tenzyk* alleged violation of the New York General Business Law § 349, violation of the New York General Business Law § 350, Breach of Implied Warranty of Merchantability, and breach of express warranty under N.Y. U.C.C. Law §§ 2-313 and 2A-210, *et seq.*

On behalf of a national class, the *Rojas* Complaint alleged breach of express warranty, breach of implied warranties, violation of MMWA, and sought equitable injunctive and declaratory relief. On behalf of a Florida class only, Rojas alleged a violation of Florida's Unfair & Deceptive Trade Practices Act.

Thus, the complaints in the three federal actions were by no means carbon copies, but were custom tailored to the applicable law in the home states of the each of the plaintiffs.

Honda sought and obtained the transfer of the *Tenzyk* and *Rojas* cases to this District from New York and Florida, respectively—over Plaintiffs' strenuous objections in each case. *Tenzyk* (E.D.N.Y.), Dkt. 18, 22; *Rojas* (S.D. Fla.), Dkt. 18, 34. Having succeeded in moving the cases to the forum it preferred, Honda then sought and obtained the assignment of the *Tenzyk* and *Rojas* cases to this Court, **requests that Plaintiffs *did not oppose*,** despite the fact that this Court had no pending related case after dismissing *Floyd*. *Tenzyk*, 2:19-cv-09787 (C.D. Cal.) Dkt. 24; *Rojas*, 2:19-cv-10136 (C.D. Cal.) Dkt. 42.

On December 12, 2019, however, this Court declined to accept either transfer. *Tenzyk* (C.D. Cal.), Dkt. 31; *Rojas* (C.D. Cal.), Dkt. 45. On December 13, 2019, *Tenzyk* was reassigned to Judge Michael W. Fitzgerald and Rojas was assigned to Judge Dolly Gee. *Tenzyk* (C.D. Cal.), Dkt. 32; *Rojas* (C.D. Cal.), Dkt. 46.

Rather than litigate concurrent cases involving overlapping facts before two different Courts, Plaintiffs considered whether the interests of the class would best be served by voluntarily dismissing the claims of the *Tenzyk* plaintiffs. On December 19, 2019, the *Tenzyk* plaintiffs filed a Rule 41(a) notice, voluntarily dismissing their claims. Because Honda had not yet filed an answer or a motion for summary

- 4 -

judgment, the *Tenzyk* plaintiffs had an absolute right to file a notice of their voluntary dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i). In response, Honda took the same tactic it takes here—it improperly filed Notices of Related Case in both *Tenzyk* and *Rojas*, accusing Plaintiffs' counsel of judge and forum shopping. In *Tenzyk*, such a notice was untimely, as the *Tenzyk* Plaintiffs had already properly dismissed their claims under Rule 41(a). But in *Rojas*, Honda not only accused Plaintiffs' counsel of impropriety, but sought to have *Rojas* transferred to Judge Fitzgerald despite the fact that Judge Fitzgerald no longer had a pending case. In so raising these arguments, Honda blatantly practiced the improper tactics that they accused (and now currently accuse) Plaintiffs' counsel of undertaking—Honda engaged in judge shopping by seeking to control which judge was assigned the remaining *Rojas* case. *Tenzyk* (C.D. Cal.), Dkt. 36; *Rojas* (C.D. Cal.), Dkt. 50. Paradoxically, Honda stated in its two Notices of Related Cases that "Honda has no preference which judicial officer adjudicates [*Tenzyk*] and *Rojas*." *Tenzyk* (C.D. Cal.), Dkt. 36, at 2; *Rojas* (C.D. Cal.), Dkt. 50, at 2. And again, unsurprisingly, Honda was unsuccessful, as Judge Fitzgerald properly declined the transfer, *Rojas* (C.D. Cal.), Dkt. 55, leaving *Rojas* as the sole pending case in this District, before Judge Gee. This District was thus spared the burden of litigating the same fact pattern in two different actions.

To protect the claims of California purchasers of defective Honda Vehicles under California state law, which this Court had dismissed for lack of subject matter jurisdiction, Plaintiffs also filed a case in California Superior Court on behalf of a class of California purchasers *only*. *Miranda v. American Honda Motor Co., Inc.*, 20STCV03017, Superior Court, County of Los Angeles, January 24, 2020. The *Miranda* complaint was filed while the appeal in this action was pending before the Ninth Circuit. The *Miranda* complaint alleged breach of express warranty, breach of implied warranties, violations of the California Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et seq*.) and California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*.), and breach express and implied warranties under the

Song-Beverly Consumer Warranty Act, California Civil Code §§ 1792 and 1791.1, *et seq*. Again, this complaint was not duplicative of the previously filed federal complaints but, rather, was specifically written for the completely legitimate—and even necessary— purpose of asserting claims this Court had dismissed for lack of jurisdiction.

On July 28, 2020, the Ninth Circuit vacated this Court's dismissal of Plaintiffs' state law claims, holding that the Court erred by failing to consider whether it had jurisdiction over Plaintiffs state law claims under CAFA notwithstanding the dismissal of Plaintiffs' MMWA claim, and remanding the case for determination of that issue. *Floyd*, Dkt. 49. The Ninth Circuit's mandate issued on August 19, 2020. *Floyd*, Dkt. 50. Again, by no fault of their own, Plaintiffs were contending with two cases pending in this District in different Courts, along with a California state case, which they had rightfully brought in order to protect the rights of California class members.

Two days later, on August 21, 2020, this Court issued an order requiring Plaintiffs to file their motion for class certification within 60 days, *Floyd*, Dkt. 51. However, Plaintiffs have not yet had an opportunity to conduct any discovery in this matter. Moreover, the Court has not yet ruled on whether it may exercise jurisdiction over Plaintiffs' CAFA claims, pursuant to the Ninth Circuit's opinion and mandate. Faced with the uncertainty inherent in the jurisdictional status of this case and, simultaneously, the task of completing class discovery within 60 days in order to comply with the Court's schedule for filing a motion for class certification, Plaintiffs filed a Notice of Dismissal under Rule 41(a) on August 23, 2020. Honda had not filed an answer or a motion for summary judgment. Accordingly, Plaintiffs maintained an absolute right to file a notice of voluntary dismissal of their claims.. Fed. R. Civ. P. 41(a)(1)(A)(i); *see also Floyd*, Dkt. 55 (holding that the Plaintiffs have an absolute right to voluntary dismissal).

Yet again, Honda issued a Notice of Related Cases after Plaintiffs had voluntarily dismissed this action—the same tactic used in *Tenzyk*. *Floyd*, Dkt. 53. And like there, Honda appears to continue, through this late-filed notice, to pick and choose which judge hears the *Rojas* case, even though this case has been dismissed and this Court *previously denied the same request for transfer* in December 2019. *Floyd*, Dkt. 53.

Plaintiffs' counsel has not engaged in judge or forum shopping, or any other form of sanctionable conduct. The filing of additional cases were undertaken in an effort to protect the rights of Honda vehicle owners, whose vehicles contained the same or similar defects and who reached out to Plaintiffs' counsel for help. Plaintiffs' counsel appropriately and properly voluntarily dismissed pending actions, whose claims overlapped with other pending actions, for various reasons—but never for an improprer or sanctionable purpose. For these reasons, Plaintiffs and their counsel respectfully request that the Court not issues Rule 11 sanctions.

## III.   ORDER TO SHOW CAUSE

On October 26, 2020, this Court *sua sponte* issued an Order acknowledging that Plaintiffs' had an "absolute right to voluntary dismissal under Rule 41(a)(1)(i) without interference from the district court."[1] *Floyd*, Dkt. 55. Nevertheless, the Court added that it "is considering whether Plaintiffs violated the Federal Rules by filing a voluntary dismissal for an improper purpose namely, for forum shopping or judge

---

[1]   The Court continued: "Accordingly, the Court is left with no choice: Plaintiffs case is DISMISSED WITHOUT PREJUDICE." To the extent this statement implies that the Court action was required to effectuate Plaintiffs' voluntary dismissal, or that the dismissal was effective as of the date of the Court's Order, such implication would, respectfully, be incorrect. The law is well-settled that a voluntary withdrawal pursuant to Rule 41(a)(1) is effective at the time of filing and requires no court approval. *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997)(Dismissal is effective on filing and no court order is required); *see also Chen v. eBay Inc.*, No. 15-CV-05048-HSG, 2016 WL 835512, at *2 (N.D. Cal. Mar. 4, 2016) ("Plaintiffs acted under their 'absolute right' to dismiss *Chen* I under Rule 41(a)(1), and Plaintiffs and Defendants thus were left "as though no action had been brought.").

shopping. *See* Fed. R. Civ. P. 11(b)(1) (party's papers shall not be filed for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation)[.] Accordingly, Plaintiffs' counsel is ORDERED to show cause why sanctions should not be imposed." *Id*. (citation omitted).

## IV.   ANALYSIS

### A.   Based On The Procedural History, Plaintiffs Could Not Have Engaged in  Forum or Judge Shopping.

Forum shopping "occurs when a plaintiff voluntarily dismisses the initial suit and refiles the same action in another court . . . because the plaintiff believes he may capture more favorable law in the second venue than the first." *Lennard v. Yeung*, No. CV1009322MMMAGRX, 2011 WL 13217925, at *7 (C.D. Cal. Aug. 16, 2011). Conversely, judge shopping is the "practice of filing several lawsuits asserting the same claims—in a court or a district with multiple judges—with the hope of having one of the lawsuits assigned to a favorable judge and of nonsuiting or voluntarily dismissing the others." *Id.* (citing Black's Law Dictionary (9th ed. 2009)).

It is logically and legally impossible for Plaintiffs' voluntary dismissal of the *Floyd* case to have been for the purpose of either forum or judge shopping with regard to the instant action.

Regarding forum shopping, *Floyd* was the first of the cases filed in any court. It was only after it was dismissed by the Court for lack of jurisdiction, over Plaintiffs' opposition, that individuals, other than the Plaintiffs in this case, filed federal actions alleging *different claims* in their home districts. The federal cases, *Tenzyk* and *Rojas*, were transferred to the Central District on Honda's request, and over plaintiffs' opposition. At no time did Plaintiffs' counsel ever voluntarily dismiss a suit and refile in another court—let alone file the same action in another court, and the *Floyd* Plaintiffs have not filed any other action in any court at any time. There was nothing untoward about the filing of the *Tenzyk* and *Rojas* actions, each of which alleged *different* claims, and there is no basis to even consider that plaintiffs' counsel filed

- 8 -

those cases for the purpose of forum shopping or any other improper purpose. The only party that may be credibly accused of forum shopping is Honda, which sought transfer to a district it determined was most favorable to its interests—but even so, Plaintiffs have not accused Honda of forum shopping by moving for transfer to this district.

With regard to the allegation of judge shopping, Plaintiffs never filed "several lawsuits asserting the same claims—in a court or a district with multiple judges[.]" Plaintiffs' actions were filed in four different courts by different plaintiffs. Moreover, each action asserted different legal claims. After Honda engineered the transfers of *Tenzyk* and *Rojas* to this District, Honda sought and obtained orders assigning those cases to this Court—**requests Plaintiffs did *not* oppose**, notwithstanding that the requests were improper because this Court had no pending related case after its dismissal of *Floyd*. If any party was judge shopping, it was Honda—not Plaintiffs or Plaintiffs' counsel.

Nor can Plaintiffs' voluntary dismissal of this action (the only procedural step in question according to the Court's Order to Show Cause) have been for the purpose of forum or judge shopping. Unless the Plaintiffs here refile this action in another court in the hope of benefitting from more favorable law, the withdrawal cannot constitute forum shopping. *Lennard v. Yeung*, No. CV 10-09322, 2011 WL 13217925, at *7 (C.D. Cal. Aug. 6, 2011) (noting that forum shopping "occurs when a plaintiff voluntarily dismisses the initial suit and refiles the same action in another court . . . because the plaintiff believes he may capture more favorable law in the second venue than the first"). Further, because Plaintiffs never "filed multiple lawsuits asserting the same claims—in a court or a district with multiple judges," or attempted to steer the assignment of any case to any particular judge, the valid withdrawal of *Floyd* cannot be considered a part of any judge shopping scheme.

Thus—and the importance of this cannot be overstated as it relates to the Court's consideration of Plaintiffs' counsel's conduct in this matter—after

- 9 -

Plaintiffs' original plan to litigate all nationwide claims related to the Rollaway Defect in this District was derailed by this Court's finding of no jurisdiction, it was *Honda's* procedural maneuvering—not Plaintiffs'—that brought the *Tenzyk* and *Rojas* cases to the District; and it was this Court's declination of the *Tenzyk* and *Rojas* transfers that resulted in the cases being assigned to three different judges in this district. While Plaintiffs' conduct is currently being examined for impropriety, it is actually *Honda's* conduct in all three cases (*Floyd*, *Tenzyk*, and *Rojas*) that even approaches improper levels. For example, the only requests to transfer from one district to another, or from one judge to another, have been made by Honda—not by any of the plaintiffs or their counsel in any of the cases.[2] The multiplicity of cases assigned to different courts in this District was not a situation of Plaintiffs' making and, thus, could not have been the result of Plaintiffs' forum or judge shopping.

### B. Rule 41(A) Provides an "Absolute Right" to Voluntary Withdrawal Prior to Filing of an Answer or Motion for Summary Judgment.

As the court noted, Rule 41(a)(1) provides Plaintiffs an "absolute right" to voluntary withdrawal prior to the filing of an answer or summary judgment motion. *See also Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.").

Further, a plaintiff's motive for dismissal is irrelevant so long as he complies with its terms. Prac. Guide Fed. Civ. Pro. Before Trial (The Rutter Group 2020), ¶ 16:230; *In re Skinner & Eddy Corp.*, 265 U.S. 86, 93 ("The right to dismiss, if it exists, is absolute. It does not depend on the reasons which the plaintiff offers for his action. The fact that he may not have disclosed all his reasons, or may not have given

---

[2]    Plaintiffs note that, while Honda's conduct in these cases far closer approaches impropriety than Plaintiffs' counsel's conduct, Plaintiffs do *not* seek sanctions to be imposed against Honda's counsel. The Court may impose sanctions *sua sponte*, *see* Dkt. 55, but Plaintiffs do not request that Rule 11 sanctions be imposed against Honda or its counsel.

the real one, cannot affect his right."); *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters*, 506 F2d 914, 917 (5th Cir. 1975) (noting plaintiffs are permitted to "shop" for friendlier judge); *Plains Growers By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973) (permitting dismissal to avoid discovery order).

### C. Imposition of Sanctions Would Be Inconsistent With Rule 41.

Voluntary withdrawals pursuant to Rule 41(a)(1)(A)(i) are permitted regardless of motive. Thus, while it is clear that a court retains jurisdiction after a voluntary dismissal for the purpose of imposing Rule 11 sanctions, Plaintiffs are unaware of any published decision imposing Rule 11 sanctions against a plaintiff for filing a voluntary dismissal pursuant to his or her absolute right under Rule 41(a)(1)(A)(i). "[T]he whole point of a Rule 41(a)(1) dismissal is to give the plaintiff an 'absolute' way out without further judicial involvement." *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1079-80 (9th Cir. 1999).

#### 1. Voluntary Withdrawals Pursuant to Rule 41(A)(1)(A)(I) Cannot Constitute Prohibited Forum Or Judge Shopping.

The Ninth Circuit has held that "because Rule 41(a)(1) specifically allows a plaintiff to dismiss a complaint without prejudice in the face of a 12(b)(6) motion, such a dismissal is not regarded as forum-shopping." *Swedberg v. Marotzke*, 339 F.3d 1139, 1145 (9th Cir. 2003); *see also Wilson v. City of San Jose*, 111 F.3d 688, 694 (9th Cir. 1997) ("The voluntary dismissal of an action that has been removed to federal court does not constitute the sort of egregious forum shopping that federal courts have traditionally sought to discourage."). Indeed, "if the action is dismissed without prejudice, the plaintiff is free to refile its action, and 'the defendant remains subject to the risk of re-filing." *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008); *see also Majid Kamifroozie v. Federal Insurance Company*, No. 20-CV-1267-BAS-AHG, 2020 WL 6156746, at *3 (S.D. Cal. Oct. 21, 2020). As the Ninth Circuit noted in *Swedberg*: "We understand the argument

1  that the rules may allow forum-shopping, but that argument is one for the Rules
2  Committee and not for this court." *Swedberg*, 339 F.3d at 1145.

3      Similarly, Rule 41 does not prohibit judge shopping. For instance, in *Wolters*
4  *Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110 (2d Cir. 2009), the district court
5  had "found that [the plaintiff's attorney's] main purpose in filing a Rule 41 voluntary
6  dismissal of the . . . litigation was to judge-shop in order to conceal from its client
7  'deficiencies in counsel's advocacy' that had been noted by the district judge in New
8  York." *Id.* at 114. The district court concluded that the attorneys' "judge-shopping
9  was [for] an improper purpose and was accordingly sanctionable." *Id*. On appeal,
10  the plaintiff's attorneys argued that their "conduct itself [was] not sanctionable
11  because the Rule 41 dismissal was not entirely without color." *Id*. The Second
12  Circuit agreed and held that the plaintiff's attorneys had the "unfettered right
13  voluntarily and unilaterally to dismiss [the] action" under Rule 41(a)(1) because the
14  defendant had not yet answered or moved for summary judgment. *Id.* (quoting *Thorp*
15  *v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979)); *accord Adams v. USAA Cas. Ins.*
16  *Co.*, 863 F.3d 1069, 1077-79 (8th Cir. 2017).

17      As the *Rutter Guide on Federal Civil Procedure Before Trial* explains, many
18  courts have local rules that prevent using a voluntary dismissal to obtain a different
19  judge. Prac. Guide Fed. Civ. Pro. Before Trial (The Rutter Group 2020), ¶ 16:318.5.
20  For instance, the Central District of California specifically sets out rules to prevent
21  judge shopping, compliance with which avoids sanctions. *Id*. (citing Local Rules 41-
22  4, 83-1.2.2); *see also Montrose Chem. Corp. v. American Motorists Ins. Co.*, 117
23  F3d 1128, 1135 n.1 (9th Cir. 1997) (noting district court finding that filing then
24  dismissing a complaint, followed by filing six similar but distinct cases, did not
25  constitute judge shopping as a consequence of effort to comply with local rules). In
26  the instant case, Plaintiffs have not sought to avoid any finding by any judge that
27  any of its cases were related, nor did they fail to comply with any Local Rule.
28  Accordingly, allegations of judge shopping are inapplicable.

1
2

### 2. Imposition of a Sanction for a Valid Voluntary Dismissal Would Be Inconsistent With Rule 41(a).

3    "Rule 41(a)(1) was designed to limit a plaintiff's ability to dismiss an action

4    in order to curb abuses of pre-existing state and federal procedures allowing

5    dismissals as a matter of right until the entry of the verdict or judgment." *Cooter &*

6    *Gell v. Hartmarx Corp.*, 496 U.S. 384, 385 (1990). Rule 41 does so by allowing only

7    one such dismissal without prejudice in the early stages of a case. *Law Offices of*

8    *Bruce Altschuld v. Wilson*, No. LACV1205457JAKSSX, 2013 WL 12076698, at *3

9    (C.D. Cal. July 9, 2013), aff'd, 632 F. App'x 321 (9th Cir. 2015)*; see also SD*

10   *Holdings, LLC v. Aircraft Owners & Pilots Ass'n*, Inc., No. 3:13-CV-01296-AC,

11   2014 WL 3667881, at *9 (D. Or. July 22, 2014) (holding that Rule 41(a) is "designed

12   to limit a plaintiff's ability to dismiss an action by allowing only one such dismissal

13   without prejudice prior to the defendant's commitment of a significant amount of

14   time and money") (citation omitted)).

15   Rule 41 includes two mechanisms to protect defendants from abusive serial

16   filing of complaints by plaintiffs. First, Rule 41(a)(1)(B) provides:

17
18
19
20

> Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

21   *Id.* This provision is commonly known as the "two-dismissal rule." *See Commercial*

22   *Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999). In addition,

23   Rule 41(d) provides:

24
25
26
27

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

28

*Id*. Plaintiffs did not violate Rule 41 in any respect, and Plaintiffs have not refiled their claims in any other court. And Honda has not attempted to invoke either of these provisions at any point—a further indication that Plaintiffs did not violate the Rule.

Rule 41 provides adequate protections against procedural abuses by plaintiffs. This Court's imposition of Rule 11 sanctions against Plaintiffs for filing a valid and effective voluntary dismissal under Rule 41(a)(1)(a) would be inconsistent with the purpose and structure of Rule 41 and would have a chilling effect on plaintiffs considering exercising their "absolute right" to dismiss a case under the Rule.

### D.   Plaintiffs' Dismissal of *Floyd* Pursuant To Rule 41(A)(1)(A) Does Not Meet the Standard for Rule 11 Sanctions.

A court considering a request for Rule 11 sanctions from a party should consider whether the position taken was "frivolous, legally unreasonable, or 'without factual foundation, even though . . . not filed in subjective bad faith." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986). "Frivolous filings are those that are both baseless and made without a reasonable and competent inquiry." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir.1997). Clearly, Plaintiffs' counsel's filing of a valid voluntary withdrawal under Rule 41(a)(1)(a), after having discussed dismissal with the Plaintiffs, cannot be said to meet this standard.

Moreover, when Rule 11 sanctions are considered by a court *sua sponte*, the standard is elevated and a showing of bad faith is required. "Although Rule 11 sanctions generally do not require a showing of bad faith, when the Court raises Rule 11 sanctions *sua sponte* many courts have adopted that the bad faith standard applies because the safe-harbor provision does not apply to court-initiated motions. *See In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003)." *MyMedicalRecords, Inc. v. Jardogs, LLC*, No. 213CV03560ODWSHX, 2015 WL 5445987, at *2 (C.D. Cal. Sept. 16, 2015) (emphasis added). *See also Hart v. Blanchette,* No. 13-CV-6458CJS, 2019 WL 1416632, at *29–30 (W.D.N.Y. Mar. 29, 2019).

- 14 -

1
2
3
4
5
6

Moreover, where a court *sua sponte* seeks to impose Rule 11 sanctions after the resolution of the case—as here—the imposition of sanctions is subject to "particularly stringent review." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 767-68 (4th Cir. 2003) (vacating Rule 11 sanctions that were issues months after resultion of the merits). Here, the Court issued an Order to Show Cause to Plaintiffs' counsel over two months after Plaintiffs voluntarily dismissed the action.

7

As this Court has written:

8
9
10
11
12
13
14
15
16

> Plaintiff is correct as to the strict standard for *sua sponte* sanctions under the federal rules. Although bad faith is not required to impose sanctions under Rule 11, *see Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986), the Court acknowledges that, because the Court issued an Order to show cause regarding sanctions sua sponte, there is no "safe harbor" period in which Plaintiff's counsel is given an opportunity to correct the sanctionable defects at issue, and therefore a higher standard typically applies. *See United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1116 (9th Cir. 2001) (noting that "*sua sponte* sanctions will ordinarily be imposed only in situations that are akin to a contempt of court").

17
18

*Tensor Law P.C. v. Rubin*, No. 2:18-CV-01490-SVW-SK, 2019 WL 3249592, at *3 (C.D. Cal. Apr. 25, 2019) (J., Wilson).

19
20
21
22
23

As shown above, no Rule 11 sanctions are warranted here. There is nothing about Plaintiffs' or Plaintiffs' counsel's conduct in this case that even warrants consideration of Rule 11 sanctions. Plaintiffs' voluntary dismissal under Rule 41(a)(1)(a) does not meet any standard for sanctionable conduct, and it certainly does not constitute bad faith, as required for *sua sponte* Rule 11 sanctions.

24

## V.   CONCLUSION

25
26

For the above reasons, the Court's Order to Show Cause should be stricken from the record and no sanctions should be imposed against Plaintiffs' counsel.

27
28

Respectfully submitted,

Date: November 2, 2020    **AHDOOT & WOLFSON, PC**

 *s/ Robert Ahdoot*
Robert Ahdoot, SBN 172098
rahdoot@ahdootwolfson.com
Theodore Maya, SBN 223242
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111; Fax: (310) 474-8585

Gregory F. Coleman*
greg@gregcolemanlaw.com
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049

Daniel K. Bryson*
Dan@wbmllp.com
J. Hunter Bryson*
Hunter@wbmllp.com
**WHITFIELD BRYSON & MASON LLP**
900 W. Morgan St.
Raleigh, NC 27603
Telephone: 919-600-5000
Facsimile: 919-600-5035
* *pro hac vice*

*Attorneys for Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

By: *s/ Robert Ahdoot*
*Attorney for the Plaintiffs*

- 17 -